825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter L. O'QUINN, Petitioner-Appellant,
v.
Jim G. BULLOCK, Superintendent; Attorney General of North
Carolina, Respondents-Appellees.
 No. 87-7507
 United States Court of Appeals, Fourth Circuit.
 August June 4, 1987.
Decided July 24, 1987.
 
 Ronnie Monroe Mitchell (William Trent Fox, Jr., on brief), for appellant.
 Richard Norwood League, Special Deputy Attorney General (Lacy H. Thornburg, Attorney General, on brief), for appellees.
 Before WIDENER and WILKINS, Circuit Judges, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Walter L. 'Wolf' O'Quinn, a state inmate in North Carolina, filed a petition in federal district court for a writ of habeas corpus pursuant to 28 U.S.C.A. Sec. 2254 (West 1977). The court, upon motion of respondents, dismissed the petition after concluding that 'petitioner's constitutional right to a fair and impartial trial was not violated.' O'Quinn appeals that order. We affirm.
 
 
 2
 O'Quinn was indicted, tried and found guilty of maiming without malice in violation of N.C. Gen. Stat. Sec. 14-29. The 'maiming' occurred when he bit off the ear of P. D. 'Lizard' Lee during a fracas at the Blue Marble Lounge. On appeal, Appellant's account of the event is as follows:
 
 
 3
 [D]uring the course of the struggle, the Petitioner, knowing that Lee had a reputation for going about armed and having felt a pistol on Lee's person, took Lee's ear between his teeth in a gesture of self-defense. O'Quinn's intent in so doing was to restrict Lee's motion so that Lee could not pull the gun. Lee attempted to jerk his ear out of O'Quinn's mouth and as a result, Lee's ear was severed from his head.
 
 
 4
 Brief of Appellant, at 1-2.
 
 
 5
 Appellant contends that various remarks and questions interjected by the trial judge prejudiced him in the eyes of the jury. On direct appeal from his conviction, the North Carolina Court of Appeals found otherwise. State v. O'Quinn, 76 N.C. App. 682, 338 S.E.2d 624 (1985), discretionary review denied, 315 N.C. 394, 338 S.E.2d 884 (1986). Collateral proceedings in both state and federal courts have likewise failed to establish error sufficient to warrant reversal of his conviction. Our review of the conduct of the trial judge satisfies us that the comments, when read in context, do not rise to a level sufficient to warrant reversal. Cf. Anderson v. Warden, Maryland Penitentiary, 696 F.2d 296, 299-301 (4th Cir. 1982) (trial judge's remarks could only have led jurors to believe testimony of witnesses was false and contrived). Other contentions of Appellant are equally without merit.
 
 
 6
 AFFIRMED.